IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN P. TOMKINS,<br><br>Defendant. | )<br>)<br>)<br>)  No. 07 CR 227<br>)<br>)  District Judge Dow<br>)<br>)  Magistrate Judge Schenkier<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

The case comes before the Court on a motion by defendant for return of seized property and for an injunction against the United States Postal Inspection Service (doc. # 253). The presiding district judge has referred the motion to this Court for consideration and ruling (doc. # 248). The matter has now been fully briefed. For the following reasons, we deny defendant's motion.[1]

---

[1] Under the briefing schedule set by the Court, the government was due to file a response on January 17, 2012, and defendant was due to file a reply on February 3, 2012. The government timely filed its response on January 17, but defendant claims that the government did not serve the response on him until the next day, January 18 (Def.'s Reply at 1). As a result, defendant argues that the government has waived its right to file a response (*Id.* at 2). We note that the government's certificate of service (doc. # 270: Gov't.'s Resp. at 15) states that it served defendant "on January 17, 2012, in accordance with Federal Rule of Criminal Procedure 49, Federal Rule of Civil Procedure 5, Local Rule 5.5, and the General Order On Electronic Case Filing . . .," without stating specifically what was done to achieve service on January 17. The government only further increased the ambiguity by stating in the next sentence that on January 18 it would serve defendant by first class mail and by hand delivery – two of the methods of service allowed by Federal Rule of Civil Procedure 5.

That said, even if the government did not serve defendant with the response until January 18, for two reasons we find that deeming the right to respond as waived would be unwarranted. *First*, unlike the situation in the cases cited by defendant that strictly apply a filing deadline (*Id.* at 1-2), here the January 17 date did not function as a statute of limitations, where a failure to timely file may be excused only in "extraordinary circumstances" that warrant equitable tolling. *Sims v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2009); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Deadlines for filing briefs are often adjusted, and it is not uncommon for courts to allow any party – whether the government or a defendant – to file a pleading a bit late without imposing the severe consequence of waiver. *Second*, the government filed the memorandum timely, but was one day late in serving defendant. Plainly, defendant suffered no prejudice from this one day delay, as he was able to file his reply on January 27, one full week before the scheduled due date of February 3, 2012.

**I.**

We begin with Mr. Tomkins' request for the return of 60 categories of materials seized during searches conducted by the government – those items are identified in an exhibit that Mr. Tomkins filed as part of his reply brief in an earlier motion for return of property (*see* Def.'s Mot. at 7, citing to 11/08/11 Reply Ex. 1). As directed by the Court, the government's response sets forth which categories of materials the government argues should not be returned and the reasons for that assertion (Gov't.'s Resp. at 6-13). The government agrees to return 20 of the categories of materials in their entirety (and a part of one additional category).[2] As for the categories the government seeks to retain, the government asserts that they contain evidence that the government may use at trial.

In his response, Mr. Tomkins agrees that, for now, the government may keep the following categories of documents: A01350216, A01350233, A00430201, A01349202, A00430675, A01349269 – although he seeks copies of certain of them.[3] As to the other categories, Mr. Tomkins maintains his position that they should be returned promptly.

Mr. Tomkins seeks return of the property pursuant to Federal Rule of Criminal Procedure 41(g), which states that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Mr. Tomkins' lead argument is that the search and seizure of these materials was unlawful in the first instance, and thus the government should be required to return them (*see* Def.'s Mot. at 3; Def.'s Reply at 2). But, as

---

[2]The government agrees to return items No. A01350218, A00430657, A00430663, A00430686, A00430665, A00430630, A00430680, A01349205, A00430687, A00430669, A01350605, A01350607, A01350226, A004306[3]4, A01350247, A01350237, A00430629, A01350210, A01154364, A01154369. In addition, the government agrees to return a gift card contained within the group of seized materials labeled A00430688, but seeks to keep the remainder of the documents within that category.

[3]Specifically, Mr. Tomkins seeks copies of a catalog contained within A00430675; the documents in A1349269; and the documents contained in A00430201.

2

defendant acknowledges, the objections to the search have been overruled at the trial court level. Notwithstanding defendant's stated intent to appeal the ruling (Def.'s Reply at 2), this Court will not require the return of materials on a theory that has been rejected by the district court.[4]

Defendant also asserts that none of the documents which he wants the government to return has any evidentiary value. For each of the items that remain in dispute, the government has explained why it might wish to use the material as evidence at trial. Defendant disagrees with the government's articulated reasons, but that disagreement is not enough to override the government's interest in retaining materials that it may wish to offer as evidence at trial.

The process of pretrial preparation typically requires lawyers to assess a larger volume of evidence than ultimately will be used at trial. For some items of evidence, it may be abundantly clear early on whether they will be used at trial. For other items, that decision may be uncertain even as trial commences. It is the role of trial attorneys to progressively make judgments – all the way up to and including during trial – about which materials will be used.

We decline the invitation to dismiss (or dictate) the government's strategic considerations as to what evidence it may seek to use at trial. Defendant may believe that the government will not need certain items of evidence because he will not dispute certain points at trial. However, the government still may seek to introduce some evidence on those points to attempt to enhance the persuasiveness of its case. Defendant may believe that some of the materials the government seeks to keep are duplicative of other evidence that the government already possesses (such as, with

---

[4]We note that two of the categories of items – A00430202 and A00430684 – were not the subject of prior ruling on the motion to suppress: the district judge previously presiding in the case considered the motion moot as to those items because, at the time, the government disavowed any intention to use those items (*see* Govt't.'s Resp. at 7, 9 & n.1). The government now states that it plans to offer those items into evidence at trial (*Id.*). As a result, while we will not order the return of these items, the district judge may wish to consider whether these items should be suppressed based on the arguments presented in the earlier suppression motion.

3

respect to handwriting). However, the judgment about whether certain evidence is cumulative of other evidence depends on knowing what has been admitted into evidence at trial, which at this time is plainly unknown.

Defendant cites *In Re: Search of 2847 East Higgins Road, Elk Grove Village, IL*, 390 F.3d 964 (7th Cir. 2004) for the proposition that the government "<u>should</u> be ordered to return any and all property that does not have a demonstrable 'evidentiary value and was not the fruit of a crime'" (Def.'s Reply at 3) (emphasis in defendant's brief). In that case, the Seventh Circuit held that certain cash that had been seized must be returned to the defendant, since the government conceded it was not the fruit of a crime and had no evidentiary value. However, in another part of the ruling, the court held that Rule 41(g) did not require the return to the defendant of business records that were seized from a warehouse, and which might have evidentiary value. 390 F.3d at 968. We are satisfied here by the government's explanation that the materials that remain in dispute may have evidentiary value, and that they therefore do not need to be returned at this time.

## II.

We briefly turn to defendant's request for an injunction. That request is based on defendant's complaint that some items the government previously returned were delivered to the union and not to defendant or his spouse (Def.'s Mot. at 6-7). For its part, the government explains that it returned certain items to the union, even though they were seized from defendant's home, because the defendant conceded that those documents were "created for, or were the direct property of, the [Union]" (Gov't.'s Resp. at 14). In his reply, defendant does not deny, or even address, that admission cited by the government. Instead, defendant asserts only that the property should be

returned to him (or his spouse) because it was seized from his home and was in his possession (Def.'s Reply at 13).

That assertion fails to show that the government erred in returning certain items to the union. Injunctive relief is warranted only if defendant shows, among other things, that he has sustained irreparable harm and there is no adequate remedy at law. *Kartman v. State Farm Mut. Auto Ins. Co.*, 634 F.3d 883, 892 (7th Cir. 2011) (citing standards for injunctive relief). Defendant's mere assertion that he had possession of certain documents that the government returned to the union does not establish that the government erred in returning those documents to the union. The common saying that "possession is 9/10s of the law" tellingly makes the point that possession does not invariably show ownership. "While possession of personal property is one *indicium* of ownership, and is *prima facie* evidence of title in the person in possession, yet when explained so as to be consistent with ownership to another it will not defeat the title of the true owner. *See S. Ellsner & Co. v. Charles C. Radcliff*, 21 Ill. App. 195, 198 (1886).

That is the case here, as defendant admits that these were union documents even if they were in his possession at the time of the search and seizure. Moreover, defendant has offered no proof that the government is likely to return seized items to the wrong person in the future. Nor has defendant shown he would suffer irreparable harm or lack an adequate remedy at law if that were to occur. Defendant has failed to show any entitlement here to the extraordinary remedy of injunctive relief.

## CONCLUSION

For the foregoing reasons, the Court denies defendant's motion (doc. # 253). With respect to the items that the government has agreed to return, the government shall arrange for their return

promptly. With respect to the items that will not be returned at this time, the government shall provide copies to defendant of the specific items for which he has requested copies: A00430675 (catalogue), A1349269 and A00430201. With respect to the other materials over which the government will retain possession, the government shall allow defendant access to them as appropriate. *See In Re Search of 2847 East Higgins Road, Elk Grove, IL*, 390 F.3d at 968 (noting that the government had allowed defendant "access to the records whether to make copies of them or to conduct his own handwriting tests if he wants to").

**ENTER:**

_____
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: February 23, 2012**